Although we agree with the majority opinion that appellant's conviction should be affirmed, we disagree with the analysis it employs, in deciding appellant's second assignment of error. We dissent, therefore, with the majority opinion's order to vacate appellant's sentence.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the supreme court analyzed the language of R.C. 2929.14(B) and gave the following directive for appellate review:
 The appellate districts in this state currently hold differing opinions about what information a trial court must include in a sentencing hearing record when imposing a sentence that is longer than the minimum upon an offender expected to receive the minimum sentence according to the presumption in R.C. 2929.14(B). The appellate debate in this state centers on the scope of the statutory phrase "finds on the record."
 We construe this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. By contrasting this statute with other related sentencing statutes, we deduce that the verb "finds" as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons. With other sentencing statutes, the General Assembly explicitly demands that courts give reasons. * * *
 Our deduction is buttressed by other language in the sentencing statutes. The phraseology in R.C. 2953.08(A)(2), for example, supports the view that the statutory purpose is fulfilled when a court notes that it has considered the statutory criteria and specifies which of the given bases warrants its decision to vary from the preferred minimum sentence. * * * The structure of the various sentencing statutes suggests that the General Assembly approached felony sentencing by mandating a record reflecting that judges considered certain factors and presumptions to confirm that the court's decision-making process included all of the statutorily required sentencing considerations.
Id. at 327-327. (Emphasis in original; underscoring added.)
The trial court in this case specifically stated its finding that "a minimum sentence would demean the seriousness of the offense." The majority opinion, however, instead of focusing on this finding, discusses appellant's "minimal criminal record" as if it is the most relevant inquiry to be made. The General Assembly already considered that circumstance in drafting R.C.2929.14(B). It is not the proper focus, therefore, for this court's analysis.
Since the record of the sentencing hearing demonstrates the trial court's compliance with the directives of R.C. 2929.14(B), this court cannot clearly and convincingly find the trial court's order of sentence was improper. State v. Edmonson, supra; R.C.2953.08(G)(1)(b); State v. Hawkins (Aug. 19, 1999), Cuyahoga App. No. 74689, unreported; State v. Lockhart (Sept. 16, 1999), Cuyahoga App. No. 74113, unreported; State v. Lesher (July 29, 1999), Cuyahoga App. No. 74469, unreported. Accordingly, appellant's second assignment of error is overruled and his sentence affirmed.
TIMOTHY E McMONAGLE, J., CONCURS